**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KUBOTA CORPORATION and** | ) | |
| **KUBOTA ENVIRONMENTAL SERVICE** | ) | |
| **CO., LTD.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | Case No. _____ |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SHREDDERHOTLINE.COM** | ) | |
| **COMPANY, INC., GLOBAL** | ) | |
| **DEVELOPMENT INTERNATIONAL,** | ) | |
| **INC., and DAN SCOTT BURDA,** | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

Plaintiffs Kubota Corporation and Kubota Environmental Service Co., Ltd. bring this Complaint against Defendants Shredderhotline.com Company, Inc., Global Development International, Inc., and Dan Scott Burda for trademark infringement, false advertising, cybersquatting, copyright infringement, and other related claims, and allege as follows:

### NATURE OF THE ACTION

1.     This case involves deliberate and willful infringement by Shredderhotline.com Company, Inc., Global Development International, Inc., and Dan Scott Burda (collectively, "Shredderhotline") of intellectual property owned by Kubota Corporation and Kubota Environmental Service Co., Ltd. (collectively, "Kubota"), as well Shredderhotline's campaign of literally false and misleading advertising that touts non-existent business relationships and business transactions with Kubota.

2.     Kubota sells a wide range of goods and services under the widely recognized KUBOTA trademark. One segment of Kubota's business involves the manufacture and sale of

1

industrial shredders used to recycle materials such as metal, glass, wood, and rubber. For approximately four decades, Kubota has manufactured and sold industrial shredders and has engineered significant technological advances in this industry.

3.     Shredderhotline has engaged in—and, if not enjoined by this Court, will continue to engage in—an extensive and unauthorized campaign to co-opt the goodwill of the KUBOTA trademark in an effort to falsely associate its products with Kubota. On the Shredderhotline company Web site—located at http://www.shredderhotline.com—the company touts itself as "your single source for locating good high quality, new, used, rebuilt, and 'as is' shredders, as well [sic] any other types of recycling equipment." Although it has never held any right to use the KUBOTA name, Shredderhotline represents itself as the source of the KUBOTA line of shredders.

4.     In addition, Shredderhotline claims to have entered into various license agreements with Kubota, although Kubota is not aware of any such license agreements. Shredderhotline also claims to have sold technology and equipment to Kubota, but this too never occurred. Shredderhotline's unauthorized use of the KUBOTA mark is likely to cause consumer confusion and to deceive consumers as to the source of Shredderhotline's products.

5.     Shredderhotline is also using multiple Internet domain names featuring the KUBOTA trademark, which constitutes cybersquatting in violation of federal law.

6.     Shredderhotline is also infringing Kubota's copyrighted material by downloading photographs, graphics, text, and videos relating to industrial shredders from Kubota's Web site and displaying exact copies of these materials on its own Web sites.

7.     Shredderhotline's blatant, willful, and extensive infringement of the KUBOTA trademark, false advertising, and copyright infringement has irreparably harmed Kubota's

business and the goodwill Kubota has built in the KUBOTA mark and, unless stopped, Shredderhotline's actions will continue to cause irreparable harm to Kubota and the KUBOTA mark.

## PARTIES

8. Plaintiff Kubota Corporation is a Japanese corporation with its principal place of business located at 2-47, Shikitsuhigashi 1-Chome, Naniwa-Ku, Osaka 556-8601, Japan.

9. Plaintiff Kubota Environmental Service Co., Ltd. is a wholly owned subsidiary of Kubota Corporation. It is a Japanese limited liability corporation with its principal place of business located at 1-3-5 Matsugaya Taito-ku, Tokyo 111-0036, Japan. In 2010, Kubota Corporation's industrial shredder business was entirely assumed by its wholly owned subsidiary Kubota Environmental Service Co., Ltd.

10. Defendant Shredderhotline.com Company, Inc. is a registered Illinois corporation with its principal place of business listed in state registration records as 707 North Park Street, Streator, Illinois, 61364.

11. Defendant Global Development International, Inc. is a registered Oregon corporation with its principal place of business listed in state registration records as 12350 SW Tooze Road, Wilsonville, Oregon, 97070. The active Oregon corporate registration for this entity lists a mailing address of P.O. Box 399, Streator, Illinois, 61364.

12. Defendant Dan Scott Burda ("Burda") is an individual who, on information and belief, lived and was domiciled at 705 North Park Street, Streator, Illinois, 61364 during the commission of many if not all of the acts alleged in this Complaint. On information and belief, Mr. Burda, a long-time Illinois resident, has recently moved to Canada, and lives at 318 Avenue Portland, Mont-Royal Quebec H39 2V9, Canada.

3

**JURISDICTION**

13.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it includes claims of trademark infringement pursuant to the federal Lanham Act, 15 U.S.C. § 1051 *et seq.*, and copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*.

14.     The Court has subject matter jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. § 1367 because they involve the same set of operative facts as the federal intellectual property claims.

15.     The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between foreign corporations and citizens of Illinois and Oregon.

16.     The Court has personal jurisdiction over Shredderhotline.com Company, Inc. by virtue of it being a registered Illinois corporation with its principal place of business in Illinois, and its commission of wrongful acts within the State of Illinois.

17.     The Court has personal jurisdiction over Global Development International, Inc. by virtue of it having a mailing address in Streator, Illinois, and its commission of wrongful acts within the State of Illinois.

18.     The Court has personal jurisdiction over Burda, on information and belief, by virtue of his commission of wrongful acts within the State of Illinois and also his having been domiciled in Streator, Illinois.

**VENUE**

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, on information and belief, Shredderhotline.com Company, Inc. has its principal place of business in this district, transacts business in this district, and a substantial portion of the events

giving rise to the asserted claims have occurred, and continue to occur, in this district. Also, on information and belief, Global Development International, Inc. transacts business in this district, its officers reside in this district, and a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, in this district. In addition, on information and belief, the companies are operated jointly. Burda is listed as the President of both companies in state corporation records, he transacts business in this district, and a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, in this district.

## FACTS RELEVANT TO ALL CLAIMS

### Background on Kubota's Business

20.     Formed in Japan in 1890, Kubota sells a wide range of goods and services. Its two primary business units market and sell farm and industrial machinery, and water and environmental systems, respectively.

21.     Kubota, formerly known as Kubota Tekko, K.K., introduced its first tractor in the United States in 1969. Since that time Kubota's business in the United States has grown through its subsidiaries, including Kubota Tractor Corporation and Kubota Manufacturing of America Corporation. Today, Kubota's U.S. business is focused on selling, among other things, tractors, professional landscaping and mowing equipment, construction equipment, and engine equipment.

22.     In the fiscal year that ended in March 2011, Kubota and its U.S. subsidiaries earned more than $2 billion in revenue in the United States.

23.     Kubota owns numerous United States Patent and Trademark Office registrations for the KUBOTA trademark, some of which are incontestable. These registered trademarks include:

a. U.S. Trademark Reg. No. 922,330 for KUBOTA in International Classes 6, 7, 8, 9, 11, 12, 16, 21, and 28 for, among other things, farm equipment and construction equipment (registered Oct. 19, 1971);

b. U.S. Trademark Reg. No. 1,775,620 for KUBOTA in International Classes 7, 9, and 12 for, among other things, agricultural threshers and crushers, welders, and various motor vehicles (registered June 8, 1993);

c. U.S. Trademark Reg. No. 2,793,694 for KUBOTA in International Class 4 for, among other things, engine oil (registered Dec. 16, 2003);

d. U.S. Trademark Reg. No. 2,837,680 for KUBOTA in International Class 4 for, among other things, engine oil (registered May 4, 2004); and

e. U.S. Trademark Reg. No. 2,916,907 for KUBOTA in International Class 6 for water pumps and valves (registered Jan. 11, 2005).

24.     Kubota also has common law trademark rights to the KUBOTA trademark in the United States.

25.     Kubota's extensive and long-term use of the KUBOTA trademark in connection with the sale and marketing of goods and services has resulted in broad recognition of the KUBOTA mark by United States consumers. Consumers recognize the distinctive KUBOTA mark as a source designator for high-quality goods and services such as industrial equipment from Kubota and its U.S. subsidiaries.

26.     Kubota has invested substantial time, money, and resources in developing the goodwill and reputation associated with the KUBOTA trademark.

27.     Kubota manufactures industrial shredders, including high-speed vertical shredders and single-shaft shredders in Japan. Kubota does not currently market or sell these shredders in the United States.

28.     Kubota originally entered the industrial shredder business pursuant to a license agreement with the Japanese company Marubeni Corporation ("Marubeni"). On October 31, 1972, Marubeni executed an exclusive license agreement with the U.S. company Eidal International Corporation ("EIC"), pursuant to which Marubeni acquired the rights to manufacture, use, and sell Eidal shredders in Japan and other Asian countries (the "1972 Eidal-Marubeni License").

29.     The 1972 Eidal-Marubeni License provided that Marubeni or its licensee could market the products under a trademark of its choosing provided it incorporated the name "Eidal" and included another element of the licensee's choosing (*e.g.*, MARUBENI-EIDAL). Marubeni also obtained the exclusive right to exploit EIC's Japanese patents for its shredder technology, as well as sub-licensing rights.

30.     On February 7, 1973, Marubeni entered into a sub-license and sales agreement with Kubota (the "1973 Marubeni-Kubota Sub-License"), which granted Kubota the right to sell shredders under the mark KUBOTA-EIDAL.

31.     Although Kubota sold shredders under the name KUBOTA-EIDAL for a number of years in Japan, it no longer does so.

32.     EIC was not a party to the 1973 Marubeni-Kubota Sub-License; nor were any other companies affiliated with Shredderhotline or its other alleged predecessors in interest. Thus, Shredderhotline did not acquire any rights to the KUBOTA trademark pursuant to the 1973 Marubeni-Kubota Sub-License or pursuant to any other written agreement.

7

33.     The 1973 Marubeni-Kubota Sub-License expired on December 31, 1977, and, on information and belief, it was never renewed.

34.     After Marubeni and Kubota entered into the 1973 Marubeni-Kubota Sub-License, EIC sold its rights to its Japanese patent and patent application covering industrial shredders to Marubeni—*i.e.*, Japanese Patent No. 795,584 (solid waste shredding equipment) and Japanese Patent Application No. 48-32585 (solid waste fragmentation equipment). The '584 Patent and the '585 Application (issued as Japanese Patent No. 908760) have both long since expired.

35.     In 2010, Kubota Corporation's industrial shredder business was entirely assumed by Kubota Corporation's wholly owned subsidiary Kubota Environmental Service Co., Ltd.

## Relationships Between the Parties

36.     On information and belief, defendants Shredderhotline.com Company, Inc., and Global Development International, Inc., are jointly operated by Burda, who is listed as "President" in each of the company's corporate registrations filed with the Illinois and Oregon Secretaries of State, respectively.

37.     On information and belief, Shredderhotline owns, controls, and operates the Web sites shredderhotline.com, globalrecyclingequipment.com, eidalkubota.com, eidal-kubota.com, kubotaeidal.com, and kubota-eidal.com.

38.     The URLs eidalkubota.com, eidal-kubota.com, kubotaeidal.com, and kubota-eidal.com (collectively the "Infringing Eidalkubota.com Web Sites") all appear to refer users to the same Web domain at eidalkubota.com. A copy of the first page of the eidalkubota.com Web site, as it appeared on August 1, 2012, is attached hereto as Exhibit A.

39.     On the Web site globalrecyclingequipment.com, under the "Eidal Vertical Grinder Overview," Shredderhotline claims it acquired the Eidal line of shredders in 1983 from

the Carborundum Company. Thus, on information and belief, Shredderhotline (or its predecessors) claim to have acquired the Eidal assets many years *after* the 1972 Eidal-Marubeni License and 1973 Marubeni-Kubota Sub-License expired, and *after* EIC transferred the shredder patents to Marubeni.

40.     On information and belief, EIC was ultimately acquired by Eidal International Sales Corp., which may have subsequently been acquired by Shredderhotline.com Company, Inc.

**Shredderhotline Uses the KUBOTA Trademark Without License**

41.     Kubota has never assigned or licensed the KUBOTA trademark to Shredderhotline, Burda, EIC, or any of the companies with which Burda is associated; and Kubota is not aware of any agreement that would allow Shredderhotline, or any of the companies with which Burda is associated, to use the KUBOTA mark in the United States.

42.     Nevertheless, Shredderhotline prominently displays the KUBOTA mark in multiple places on Web sites it operates. For example, the main index page of the Shredderhotline.com Web site (at http://www.shredderhotline.com/main.html) features links to five separate sections of the site which are labeled "Kubota Home," "Kubota Eidal Home," "Kubota Features," "Kubota Functions," and "Kubota Specs." (Attached as Exhibit B.) Each of these pages extensively and prominently uses the KUBOTA trademark to sell Shredderhotline's own industrial shredders.

43.     Indeed, language on the home page of the Infringing Eidalkubota.com Web Sites blatantly represents that "Kubota" is the operator of that Web site and the marketer behind the products:

> "With in-depth experience in shredders, crushers, and various separators for the various sectors of mining and manufacturing, ***Kubota*** effectively uses that technology and know-how in the field of resource recycling as well. Since early on, ***we*** have been involved in the crushing, separating, and recycling processing of

9

bulky and industrial waste. From plastics to metals, *Kubota* responds meticulously to the needs of various types of waste, and *we* engineer equipment and systems to offer greater economic effect."

44. The Infringing Eidalkubota.com Web Sites make other prominent and extensive unauthorized use of the KUBOTA mark. For example, at the top of the home page of the Infringing Eidalkubota.com Web Sites, Shredderhotline uses the mark EIDAL-KUBOTA with the registered trademark symbol ("®"), a false claim of registered trademark rights by Shredderhotline. (*See* Exhibit A.)

45. The EIDAL-KUBOTA trademark is not registered with the United States Patent and Trademark Office.

46. Shredderhotline has also inserted "kubota" as a keyword metatag on its Web sites, including globalrecyclingequipment.com. It has done so to divert Internet search engine traffic of consumers searching for genuine KUBOTA industrial shredders and other equipment to its own Web sites, thereby increasing consumer confusion related to the source of Shredderhotline's shredders.

47. Shredderhotline has also placed for sale on eBay at least two shredders using the KUBOTA trademark, a "Vertical Kubota Eidal 100 Shredder & Grinder—KE 100" and a "New Vertical Kubota Eidal 400 Shredder Grinder—KE 400." (*See* Exhibit C.) On information and belief, these are not genuine KUBOTA shredders manufactured by Kubota, but rather Shredderhotline is passing them off as genuine KUBOTA products—or products created in collaboration with and/or endorsed by Kubota—by using the distinctive KUBOTA trademark.

48. Shredderhotline's unauthorized use of the KUBOTA trademark creates the false and misleading impression that Shredderhotline is the source of KUBOTA shredders, and/or that

Shredderhotline's business is connected with, sponsored by, affiliated with, related to, and/or approved by Kubota.

**Shredderhotline Increases and Expands Its Infringing Activity**

49. Starting in late 2009, Burda and his business partner Mr. Ian Weston ("Weston") sent e-mails to Kubota's European distributor, SwissRTec AG. Burda's e-mail dated December 28, 2009, claimed that "WE ARE THE OWNERS OF THE EIDAL SHREDDER BRAND." Weston's e-mail dated January 5, 2010, stated that Kubota was violating a license agreement between Kubota and Shredderhotline by selling shredders branded KUBOTA-EIDAL outside of Japan.

50. On February 26, 2010, Kubota responded to Shredderhotline. In that letter, Kubota (1) sought proof of the ownership rights that Burda and Weston asserted over Eidal shredder technology and how Shredderhotline became the transferee of these rights from EIC; (2) denied any license or other business relationship between Kubota and Shredderhotline; (3) demanded that Shredderhotline stop interfering with Kubota's business; and (4) demanded that Shredderhotline stop using the KUBOTA mark and stop referring to an alleged business relationship with Kubota. (Attached as Exhibit D.) Shredderhotline never responded to the February 26, 2010, letter.

51. Then, in November 2010, Burda sent additional e-mails to SwissRTec alleging that the KUBOTA, KUBOTA-EIDAL, and EIDAL-KUBOTA lines of shredders "are controlled by our group"; that SwissRTec and Kubota were violating a license agreement between Kubota and Shredderhotline; and warned "be ready for a fight, be ready to lose the battle, the Japanese did in the World War, and will lose this battle over time."

## COUNT I
## TRADEMARK INFRINGEMENT—15 U.S.C. § 1114

52.     Kubota incorporates by reference and repeats the allegations contained in Paragraphs 1 through 51 of the Complaint.

53.     Kubota owns valid and enforceable registrations for the KUBOTA trademark.

54.     As a result of Kubota's extensive use and promotion of the trademark KUBOTA in interstate commerce and its commitment to obtaining federal trademark registrations for, and protecting the distinctiveness of its mark, the KUBOTA mark enjoys considerable goodwill and widespread recognition in commerce and has become associated with Kubota and its goods and services.

55.     Prior to Shredderhotline's adoption and use of the KUBOTA mark, Shredderhotline had actual knowledge of Kubota's prior rights in the KUBOTA trademark in the United States.

56.     To cause confusion, mistake, or to deceive consumers, and in an attempt to trade on the enormous goodwill, reputation, and marketing power established by Kubota under its KUBOTA trademark, Shredderhotline deliberately and willfully used and continues to use the KUBOTA trademark and colorable imitations of the KUBOTA trademark in connection with the sale, offering for sale, distribution, and advertising of its goods.

57.     Shredderhotline has used the KUBOTA trademark in interstate commerce, including in this judicial district.

58.     The products that Shredderhotline offers using the KUBOTA trademark are in the same class of goods that Kubota offers in the United States.

59.     Kubota has not consented to Shredderhotline's use of the KUBOTA mark.

12

60.     Shredderhotline's unauthorized use of the KUBOTA mark falsely indicates to consumers that Shredderhotline's goods are in some manner connected with, sponsored by, affiliated with, related to, or approved by Kubota.

61.     Shredderhotline's unauthorized use of the KUBOTA mark is likely to cause confusion, cause mistake, or deceive consumers regarding the source or origin of the goods Shredderhotline is offering.

62.     Shredderhotline's registration, ownership, and use of the domain names for the Infringing Eidalkubota.com Web Sites that incorporate the KUBOTA mark is likely to cause consumer confusion, consumer mistake, or deception.

63.     The aforementioned acts constitute federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

64.     The intentional nature of Shredderhotline's acts makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

65.     Shredderhotline's unauthorized use of the KUBOTA mark has caused, and will continue to cause, damage to Kubota in an amount to be proven at trial.

66.     Kubota has been, is now, and in the future will be irreparably harmed by Shredderhotline's aforementioned acts of infringement, and, unless enjoined by the Court, Shredderhotline will continue to infringe upon Kubota's trademarks. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## COUNT II
## FALSE DESIGNATION OF ORIGIN—15 U.S.C. § 1125(a)(1)(A)

67.     Kubota incorporates by reference and repeats the allegations contained in Paragraphs 1 through 66 of the Complaint.

13

68.     The KUBOTA mark enjoys considerable goodwill, widespread recognition, and secondary meaning in interstate commerce that has become associated with Kubota and its goods and services.

69.     Prior to Shredderhotline's adoption and use of the KUBOTA mark, Shredderhotline had actual or constructive notice of Kubota's ownership of the KUBOTA mark.

70.     Shredderhotline, to cause confusion, mistake, or to deceive consumers, and in an attempt to trade on the goodwill, reputation, and marketing power of the KUBOTA mark, deliberately and willfully used and is using the KUBOTA mark on at least the Shredderhotline Web sites.

71.     Shredderhotline has used the KUBOTA mark in interstate commerce, including in this judicial district.

72.     Shredderhotline's unauthorized use of the KUBOTA mark is likely to cause consumers to be confused, mistaken, or deceived as to the origin of the goods Shredderhotline offers.

73.     Shredderhotline's unauthorized use of the KUBOTA mark is likely to cause consumers to be confused, mistaken, or deceived because it falsely suggests that Shredderhotline's business is connected with, sponsored by, affiliated with, related to, or approved by Kubota.

74.     Shredderhotline's unauthorized use of the KUBOTA mark constitutes false designation of origin of Shredderhotline's goods and services in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

75.     Shredderhotline's conduct is willful, deliberate, intentional, and in bad faith.

76.     The willful and intentional nature of Shredderhotline's aforementioned acts makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

77.     Shredderhotline's unauthorized use of the KUBOTA mark has caused, and will continue to cause, damage to Kubota in an amount to be proven at trial.

78.     Kubota has been, is now, and will continue to be irreparably harmed by Shredderhotline's aforementioned acts of infringement, and, unless enjoined by the Court, Shredderhotline will continue to infringe upon Kubota's KUBOTA mark, and Kubota has no adequate remedy at law.

## COUNT III
## FALSE ADVERTISING—15 U.S.C. § 1125(a)(1)(B)

79.     Kubota incorporates by reference and repeats the allegations contained in Paragraphs 1 through 78 of the Complaint.

80.     Shredderhotline has made and continues to make numerous false, deceptive, and misleading representations of fact on its various Web sites—shredderhotline.com, globalrecyclingequipment.com, and the Infringing Eidalkubota.com Web Sites—about its business relationship with Kubota. These false statements include:

a. On the "Company Resume" page of shredderhotline.com, Shredderhotline features a list of "Joint Ventures, Licenses or Agreements." The list includes: "Kubota Corporation—Osaka Japan—Shredder Development." This claim is false, as Kubota has never entered into a joint venture, license, or other development agreement with Shredderhotline.

b. On the "Trademarks—Copyrights" page of globalrecyclingequipment.com and the "Company Resume" page of shredderhotline.com,

Shredderhotline states: "The Eidal™ Line of Shredders and Recycling Systems, [is] Licensed to Hitachi Heavy Industries and Kubota Heavy Industries." Further, on the "History" page of the Infringing Eidalkubota.com Web Sites, Shredderhotline states: "In the early 1970's the [Eidal] brand was licensed to the Kubota Environmental group for sale within Japan." These statements are false, or at least highly misleading, because Kubota has never licensed shredder technology or the "Eidal" name from Shredderhotline.

c.   The "Company Resume" page of shredderhotline.com and the "Customer List" page of globalrecyclingequipment.com list "Kubota Heavy Industries" as having purchased shredders, shredder parts, or consulting services from Shredderhotline. This is literally false because, to the best of its knowledge after a reasonable investigation, Kubota has never purchased goods or services from Shredderhotline, and no entity named "Kubota Heavy Industries" exists.

d.   On the "Company M&A" page of globalrecyclingequipment.com, Shredderhotline states that it has sold "Eidal Technology to Kubota Group, Osaka Japan." Shredderhotline also makes the same claim on the "Company Resume" page of shredderhotline.com under the heading "Sales of Companies and Technologies." This claim is literally false, as Kubota has never purchased technology, goods, or services from Shredderhotline.

81.   On information and belief, Shredderhotline makes these false claims to bolster its credentials in the industrial shredder industry, to disparage Kubota's technological innovations in the industry, and to cause consumer confusion.

82.     Defendants have made these false claims in interstate commerce, including in this judicial district.

83.     Shredderhotline's false, deceptive, and misleading claims are made in commercial advertising and concern the nature, characteristics, and qualities of Shredderhotline's products and commercial activities in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

84.     Shredderhotline's false, deceptive, and misleading descriptions and representations of fact have deceived and are likely to deceive consumers into, among other things, believing that Kubota has a business relationship with Shredderhotline and that Shredderhotline's goods and services are of a comparable quality to Kubota's.

85.     Shredderhotline's false statements are material in that they are likely to influence the purchasing decisions of consumers.

86.     Shredderhotline's false, deceptive, and misleading statements about its goods, services, and commercial activities have damaged Kubota's goodwill and reputation.

87.     Shredderhotline's conduct is willful, deliberate, intentional, and in bad faith.

88.     The intentional nature of Shredderhotline's aforementioned acts makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

89.     Shredderhotline's false advertising has caused, and will continue to cause, damage to Kubota in an amount to be proven at trial.

90.     Shredderhotline has caused, and unless enjoined by the Court, will continue to cause, irreparable harm to Kubota, and Kubota has no adequate remedy at law.

**COUNT IV**
**CYBERSQUATTING—15 U.S.C. § 1125(d)(1)**

91.     Kubota incorporates by reference and repeats the allegations contained in Paragraphs 1 through 90 of the Complaint.

92.     Kubota has the right to register and use the distinctive mark KUBOTA as part of an Internet domain name.

93.     Shredderhotline does not have the right to register and use the KUBOTA mark as part of an Internet domain name.

94.     The Internet domains for the Infringing Eidalkubota.com Web Sites were registered by an entity named "Global Development" based in Streator, Illinois, on September 8, 2009. On information and belief, "Global Development" is Global Development International, Inc. or is otherwise affiliated with Shredderhotline.

95.     The KUBOTA mark was distinctive and had become associated with Kubota and its goods and services before Shredderhotline registered the Internet domain names for the Infringing Eidalkubota.com Web Sites.

96.     The Internet domain names for the Infringing Eidalkubota.com Web Sites are confusingly similar to the KUBOTA trademark.

97.     Shredderhotline's unauthorized registration and use of the Infringing Eidalkubota.com Web Sites constitutes cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1125(d)(1).

98.     Shredderhotline's use of the KUBOTA mark in the Infringing Eidalkubota.com Web Sites is likely to cause consumer confusion as to the source, nature, and quality of the goods

Shredderhotline offers, and falsely suggests that Shredderhotline's business is connected with, sponsored by, affiliated with, related to, or approved by Kubota.

99.     Shredderhotline's registration and use of the Infringing Eidalkubota.com Web Sites demonstrates a bad faith attempt to profit from the goodwill associated with the KUBOTA mark.

100.    On information and belief, Shredderhotline intends to profit from its registration of the Infringing Eidalkubota.com Web Sites by selling them to Kubota.

101.    Shredderhotline's registration, use, and trafficking of the Infringing Eidalkubota.com Web Sites have caused, and will continue to cause, damage to Kubota in an amount to be proven at trial.

102.    Shredderhotline's willful and intentional registration and use of the Infringing Eidalkubota.com Web Sites has caused, is causing, and, unless enjoined by the Court, will continue to cause irreparable harm to Kubota for which there is no adequate remedy at law.

## COUNT V
## COPYRIGHT INFRINGEMENT—17 U.S.C. § 501

103.    Kubota incorporates by reference and repeats the allegations contained in Paragraphs 1 through 102 of the Complaint.

104.    Kubota markets and promotes its industrial shredders through a Web site it owns, operates, and controls, located at env.kubota.co.jp/recycle/english/index.html. (Attached as Exhibit E.)

105.    Kubota owns the copyrights for the text, photographs, graphics, and videos contained on this Web site.

106. Shredderhotline has infringed Kubota's copyrights to these materials by unauthorized copying and display of these materials on the Shredderhotline Web sites, in violation of 17 U.S.C. § 501.

107. For example, the High-Speed Vertical Shredder Product Information page on the Infringing Eidalkubota.com Web Sites features the exact same photographs, graphics, text, and video as Kubota's Web site for the same product. (*See* Exhibit E.)

108. Other examples of similar copyright infringement exist on shredderhotline.com and globalrecyclingequipment.com.

109. On information and belief, Shredderhotline has downloaded the text, graphics, photos, and videos from Kubota's Web site and posted these copyrighted materials on its own Web sites.

110. Kubota has been and will likely continue to be damaged by Shredderhotline's copyright infringement in an amount to be determined at trial.

111. Shredderhotline's conduct is willful, deliberate, intentional, and in bad faith.

112. Shredderhotline has caused, is causing, and, unless enjoined by the Court, will continue to cause irreparable harm to Kubota through this copyright infringement, and Kubota has no adequate remedy at law.

**COUNT VI**
**VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT—**
**815 ILCS 510/1 *et seq.***

113. Kubota incorporates by reference and repeats the allegations contained in Paragraphs 1 through 112 of the Complaint.

114. Shredderhotline's false, deceptive, and misleading representations of fact have disparaged Kubota's goods, services, and business.

115.    Shredderhotline's acts constitute unfair trade practices in violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

116.    Kubota has been and will continue to be damaged by Shredderhotline's false, deceptive, and misleading representations in an amount to be determined at trial.

117.    Shredderhotline's conduct is willful, deliberate, intentional, and in bad faith.

118.    Shredderhotline has caused, is causing, and, unless enjoined by the Court, will continue to cause irreparable harm to Kubota, and Kubota has no adequate remedy at law.

**COUNT VII**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

119.    Kubota incorporates by reference and repeats the allegations contained in Paragraphs 1 through 118 of the Complaint.

120.    Shredderhotline's conduct constitutes deceptive trade practices, as it has palmed-off its goods as genuine Kubota shredders. This conduct constitutes trademark infringement and unfair competition in violation of the common law of the State of Illinois.

121.    Kubota has used the KUBOTA mark in connection with marketing, distribution, and the sale of goods and services in the State of Illinois and throughout the United States since 1969. For consumers in the State of Illinois and throughout the United States, the KUBOTA mark has become uniquely associated with Kubota and identifies Kubota as the source of KUBOTA goods and services.

122.    Shredderhotline's unauthorized use of the KUBOTA mark is likely to cause confusion or mistake, and is likely to deceive consumers as to the affiliation, connection, or association between Kubota and Shredderhotline and the origin of, sponsorship of, or other association between the parties' goods and services.

123.   Shredderhotline has infringed and continues to infringe Kubota's common law rights in and to the KUBOTA mark, and Shredderhotline has become unjustly enriched by this infringement.

124.   Shredderhotline's conduct is willful, deliberate, intentional, and in bad faith.

125.   Kubota has been and will continue to be irreparably harmed by Shredderhotline's trademark infringement and unfair competition, and, unless enjoined by the Court, Shredderhotline's wrongful acts will continue. There is no adequate remedy at law for the harm caused by this infringement and unfair competition.

\* \* \*

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Kubota Corporation and Kubota Environmental Service Co., Ltd. respectfully request that the Court:

1.   Preliminarily and permanently enjoin Shredderhotline.com Company, Inc., Global Development International, Inc., and Dan Scott Burda, as well as their subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them, from using the KUBOTA mark in commerce or any colorable imitation of the KUBOTA mark in commerce in a manner that is likely to cause consumer confusion as to the source of their goods or services, or that falsely suggests that they are connected with, sponsored by, affiliated with, related to, or approved by Kubota;

2.   Preliminarily and permanently enjoin Shredderhotline.com Company, Global Development, and Burda, as well as their subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them, from making literally false, deceptive, or misleading advertising statements, including but not limited to statements that:

     a.   Shredderhotline has a "Joint Venture, License or Agreement" with Kubota;

     b.   Kubota is or was a licensee of Shredderhotline;

     c.   Kubota is or was a customer of Shredderhotline or that the parties are otherwise business partners; or

     d.   Shredderhotline sold Eidal technology to Kubota.

3.   Order the transfer to Kubota of the infringing Internet domain names associated with the Infringing Eidalkubota.com Web Sites, along with any and all other domain names registered by Shredderhotline.com Company, Global Development, or Burda, or otherwise under their control, that are comprised, in whole or in part, of the KUBOTA mark, or, alternatively, enjoin Shredderhotline.com Company, Global Development, and Burda, as well as their subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them, from registering, owning, or using the infringing Internet domain names;

4.   Order Shredderhotline.com Company, Global Development, and Burda, pursuant to 15 U.S.C. § 1118, to delete any and all information and/or computer files bearing the KUBOTA mark, including, without limitation, any text and/or images that are hosted on any Web sites under Shredderhotline's control and on any of Shredderhotline's computers, hard drives, or other storage media;

5.   Preliminarily and permanently enjoin Shredderhotline.com Company, Global Development, and Burda, as well as their subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them, from selling non-genuine KUBOTA shredders advertised as KUBOTA shredders on eBay or through any other retail channel;

6. Order Shredderhotline.com Company, Global Development, and Burda, pursuant to 15 U.S.C. § 1116, to file with this Court and serve on Kubota a report in writing under oath setting forth in detail the manner and form in which they have complied with the terms of any injunction entered by the Court;

7. Declare this to be an exceptional case pursuant to 15 U.S.C. § 1117(a);

8. Enter a judgment awarding Kubota the profits of Shredderhotline.com Company, Global Development, and/or Burda; Kubota's actual damages; and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and 815 ILCS 510/3, for the willful and intentional violations of the Lanham Act and the Uniform Deceptive Trade Practices Act by Shredderhotline.com Company, Global Development, and/or Burda;

9. Enter a judgment, pursuant to 15 U.S.C. § 1117(d), awarding Kubota up to $100,000 per Internet domain name, including, without limitation, the Infringing Eidalkubota.com Web Sites, registered and used by Shredderhotline.com Company, Global Development, or Burda in violation of 15 U.S.C. § 1125(d)(1);

10. Enter a judgment in connection with the asserted common law claims and/or otherwise permitted by law, including, without limitation, an award of punitive damages in favor of Kubota in an amount to be determined;

11. Preliminarily and permanently enjoin Shredderhotline.com Company, Global Development, and Burda, as well as their subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them, from infringing Kubota's copyrights;

24

12. Enter a judgment awarding Kubota its damages or the profits of Shredderhotline.com Company, Global Development, and/or Burda as a result of Shredderhotline's infringement of Kubota's copyrights;

13. Enter a judgment awarding Kubota its costs and reasonable attorneys' fees related to Shredderhotline.com Company's, Global Development's, or Burda's copyright infringement; and

14. Grant Kubota such other and further relief as this Court deems just and equitable.


Dated: August 1, 2012                                    Respectfully submitted,


                                        /s/  *Paul R. Steadman, P.C.*
                                        Paul R. Steadman, P.C. (No. 6238160)
                                        paul.steadman@kirkland.com
                                        Tom M. Monagan, III (No. 6278060)
                                        tom.monagan@kirkland.com
                                        Jason Koransky (No. 6303746)
                                        jason.koransky@kirkland.com
                                        KIRKLAND & ELLIS LLP
                                        300 North LaSalle Street
                                        Chicago, Illinois 60654
                                        Telephone: (312) 862-2000
                                        Facsimile: (312) 862-2200

                                        *Attorneys for Plaintiffs*
                                        *Kubota Corporation and Kubota*
                                        *Environmental Service Co., Ltd.*